# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * *
RICHARD RONDINARO,                        \*
                                          \*    No. 22-643V
                  Petitioner,  \*    Special Master Christian J. Moran
v.                                        \*
                                          \*
SECRETARY OF HEALTH                       \*    Filed: June 27, 2024
AND HUMAN SERVICES,                       \*
                                          \*
                  Respondent.  \*
* * * * * * * * * * * * * * * * * * * * * * *

<u>Jeffrey S. Pop</u>, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner;
<u>Katherine Edwards</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## **UNPUBLISHED DECISION**[1]

On June 25, 2024, the parties filed a joint stipulation concerning the petition for compensation filed by Richard Rondinaro on June 10, 2022. Petitioner alleged that he suffered from Guillain-Barré syndrome ("GBS") as defined in the Table, and that this was caused-in-fact by the influenza ("flu") vaccine he received on September 6, 2020, and/or the tetanus-diphtheria-acellular pertussis ("Tdap") and/or hepatitis B ("HepB") vaccines he received on October 6, 2020. These vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a). Petitioner further alleges that he suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

Respondent denies that petitioner's alleged GBS or its residual effects were caused-in-fact by the flu, Tdap, and/or HepB vaccine, and denies that the flu, Tdap, and/or HepB vaccine caused petitioner any other injury or petitioner's current condition.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Damages awarded in that stipulation include:

**A lump sum of $80,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RICHARD RONDINARO,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 22-643 V<br>Special Master Christian J. Moran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Richard Rondinaro ("petitioner"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the tetanus/diphtheria/acellular pertussis ("Tdap") vaccine, the hepatitis B ("HepB") vaccine, and/or the influenza ("flu") vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu vaccine on September 6, 2020. Petitioner received the HepB and Tdap vaccines on October 6, 2020.

3. The vaccines were administered within the United States.

4. Petitioner alleges that petitioner suffered Guillain-Barre Syndrome ("GBS") that was caused-in-fact by the Tdap vaccine, and/or the HepB vaccine, and/or the flu vaccine. Petitioner

1

further alleges that petitioner suffered the residual effects of the alleged injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his alleged injury.

6. Respondent denies that petitioner's alleged GBS or its residual effects were caused-in-fact by the flu, Tdap, an/or HepB vaccine; and denies that the flu, Tdap, an/or HepB vaccine caused petitioner any other injury or petitioner's current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$80,000.00** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to

2

this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting

from, or alleged to have resulted from, the flu vaccination administered on September 6, 2020, and/or the Tdap and HepB vaccines administered on October 6, 2020, as alleged in a petition for vaccine compensation filed on or about June 10, 2022, in the United States Court of Federal Claims as petition No. 22-643V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu, Tdap, and/or HepB vaccine caused petitioner's alleged injury or any other injury or petitioner's current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's

4

heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ Richard Rondinaro*
RICHARD RONDINARO

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Jeffrey S. Pop*
JEFFREY S. POP
JEFFREY S. POP & ASSOCIATES
9150 Wilshire Blvd., Suite 241
Beverly Hills, California 90212-3429
(310) 273-5462
jpop@poplawyer.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.06.03 09:54:47 -04'00'  for
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
U.S. Department of Health
 and Humans Services
5600 Fishers Lane, 08W-25A
Rockville, MD  20857

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Katherine Edwards*
KATHERINE EDWARDS
Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

Dated: June 25, 2024

6