# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | |
| RICHARD RODINARO, * | |
| * | No. 22-643V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: April 30, 2025 |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * | |

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner;
Katherine Edwards, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS**[1]

Pending before the Court is petitioner Richard Rondinaro's motion for final attorneys' fees and costs. He is awarded **$39,201.97**.

\* \* \*

On September 25, 2024, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34, alleging that he suffered from Guillain-Barré syndrome ("GBS") as defined in the Table, and that this was caused-in-fact by the influenza ("flu") vaccine he received on September 6, 2020, and/or the tetanus-diphtheria acellular pertussis ("Tdap")

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

and/or hepatitis B ("HepB") vaccines he received on October 6, 2020. On June 25, 2024, the parties filed a joint stipulation in which the undersigned adopted as his decision on June 27, 2024. 2024 WL 3467259.

On September 25, 2024, petitioner filed a motion for attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $36,707.50 and attorneys' costs of $2,494.47, for a total request of $39,201.97. Fees App. at 22. Petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. Respondent deferred to the undersigned's assessment, submitting its generic response. Resp't's Resp., filed October 7, 2024. Petitioner did not file a reply thereafter.

\* \* \*

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates. Furthermore, petitioner has provided supporting documentation for all claimed costs. Fees App. Ex. 2. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards a lump sum of **$39,201.97** (representing $36,707.50 in attorneys' fees and $2,494.47 in attorneys' costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.